Opinion op the Court.
William Cooke entered into an agreement with his slave, Peter, to emancipate him, on the payment of two hundred and fifty dollars; or rather, the contract was made with Seth Cooke and Abraham Bohannon, as agents for the slave, and was reduced to writing and signed by them in these words:-
u A statement of a contract made by William Cooke and us, Seth Cooke and Abraham Bohannon, as agents for Peter, á slave, on the terms following: Said Cooke agrees to emancipate Peter, for two hundred and fifty dollars, with interest on one huudred and twenty-five dollars from the 4th day of June 1815 until- paid,, the balance of the above two hundred and fifty dollars..
(Signed) SETH COOKE,
June 4th, 1815. ABRm. BOHANNON.”
In his last illness, he made his nuncupative will, reduced to writing at the time it was spoken, but not signed by him, in which he directs that “ Peter should be free, on the payment of fifty dollars, a balance of two hundred and fifty dollars, which Setfy Cooke and Abra- *239 liam Bohannon, as agents for Peter, had undertake» to pay; which is all paid, but the aforesaid fifty dollars.” "After his death, .Peter paid the remaining fifty dollars to his widow and executrix, and brought this,action of trespass, assault, battery and false imprisonment, against the appellee, to assert his right to freedom. On the trial, it was proved that after the date of the aforesaid contract, Peter went at large as á free person, by the indulgence of his master, who until his death always recognized the right of Peter to freedom, on the payment of two hundred and fifty dollars. The court, on the application of the appellee’s counsel, instructed the jury that Peter could not support his claim to freedom, under the writing aforesaid, because it was an executory contract; and that the plaintiff’s remedy, if any, was in a court of equity; and that slaves, when they pass by last will and testament, being considered as ¡real property, could not pass by a nuncupative will. The jury found a verdict, and ajudgment was thereupon rendered against Peter, and he has appealed tó -this court.
However strong an appeal the claim of Peter may make to the' conscience or moral sense, we must accord with the court below in each of these instructions. It has been settled in, this country, by the cas© of Donaldson vs. Jude, 2 Bibb 57, that the signing, sealing, and even the acknowledgment or proof of the deed or will of emancipation, were all necessary requisites to annul Jjhé relation of master and slave. It has been since decided, in the case of Winney vs. Cartwright, spring term 1821, that the proof or acknowledgment of the instrument was no longer necessary, or even a seal, under a subsequent statute; but that the right accrued at the signing of a writing expressing an emancipation. Still, however, it is necessary that the writing should declare the act done, and not merely a stipulation that it shall be done conditionally, or on the happening of some contingency. So that this writing, even if signed by the deceased master, could not be construed to be more than an engagement to do the very act which by law would emancipate. And however strong an acknowl-edgihent the nuncupative will may contain, of the obligation of the contract, and that Peter had fulfilled the great'er'part; yet, that slaves, as far‘as respects wills, must be deemed and held real estate, is qxpressly do- *240 ciafed by the provisions of a statute passed the 26th day of November 1'800; 2 Dig. L. K. 1247. And it is a doctrine so well established, that real estate cannot pass by a nuncupative will, both according to the provisions of our acts of assembly regulating wills, and by former decisions on similar statutes, that there can be no need of quoting authority to support it.
The judgment must, therefore, be affirmed.